Jacqueline R. Barrett
**OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, P.C.**
1735 Market Street, Suite 3000
Philadelphia, PA 19103
Tel: 215-995-2800
Jacqueline.Barrett@ogletree.com
*Attorneys for Defendant Kinder Morgan, Inc.*

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| ALLAN B. JOHNSON, | Hon. _____ <br> Civ. Action No. 23-cv-4330 |
| Plaintiff, | |
| v. | *Civil Action* |
| KINDER MORGAN, INC.; and <br> JOHN DOES 1-5 AND 6-10 | **NOTICE OF REMOVAL** |
| Defendants. | |

**TO:**   **CHIEF JUDGE AND JUDGES OF
THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

**ON NOTICE TO:**

    Michelle M. Smith, Clerk
    Richard J. Hughes Justice Complex
    Superior Court Clerk's Office
    P.O. Box 971
    Trenton, New Jersey 08625

    Clerk, Superior Court of New Jersey
    Law Division – Burlington County
    49 Rancocas Road
    Mount Holly, New Jersey 08060


    Kevin M. Costello
    Costello & Mains, LLC

1

18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054
*Attorneys for Plaintiff*

**HONORABLE JUDGES:**

Defendant Kinder Morgan, Inc. (hereinafter, "Defendant"), through its undersigned counsel, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, hereby removes the above-captioned action from the Superior Court of New Jersey, Burlington County – Law Division to the United States District Court for the District of New Jersey, based on diversity of citizenship jurisdiction and avers as follows:

**I.     TIMELINESS OF REMOVAL**

1.     On July 6, 2023, Plaintiff Allan B. Johnson ("Plaintiff") filed the Complaint in this action in the Superior Court of New Jersey, Burlington County, Law Division, entitled *Allan B. Johnson v. Kinder Morgan, Inc.; and John Does 1-5 and 6-10*, Docket No. BUR-L-001319-23 ("the State Court Action"). A true and correct copy of the Summons, Complaint, Civil Case Information Statement, and Track Assignment Notice, are attached hereto as Exhibit A.

2.     On July 21, 2023, Defendant was served with a copy of the Complaint. A true and correct copy of the Affidavit of Service is attached hereto as Exhibit B.

3.     Plaintiff's Complaint is the only pleading related to this matter.

4.     To date, Defendant has not filed a responsive pleading in the State Court Action, and no other proceedings have transpired in that action.

5.     Accordingly, Defendant is timely filing this Notice of Removal within 30 days after service of process as required by 28 U.S.C. § 1446(b).

**II.    VENUE**

6. The Superior Court of New Jersey, Burlington County, is located within the District of New Jersey.

7. Therefore, venue for purposes of removal is proper because it is the district and division embracing the place where such action is pending under 28 U.S.C. § 1441(a).

## III. BASIS FOR REMOVAL

8. Plaintiff is a resident and citizen of the State of New Jersey. *See* Complaint, Exhibit A ¶ 1.

9. For purposes of diversity jurisdiction, a corporation is deemed to be a citizen of (i) the state in which it has been incorporated, and (ii) the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *Goralski v. Shared Technologies, Inc.*, No. 09-2461, 2009 WL 2460752, at *3 (D.N.J. Aug. 7, 2009).

10. Defendant's principal place of business is Houston, Texas and it is incorporated in Delaware. Thus, it is a citizen of Texas and Delaware.

11. As of the date Plaintiff filed the Complaint, and as of the date of the filing of this Notice of Removal, complete diversity of citizenship between the parties exists. *See* 28 U.S.C. § 1332.

12. According to the Complaint, Plaintiff seeks to recover non-economic compensatory damages or pain and suffering, punitive damages, interest, costs of suit, attorneys' fees, enhanced attorneys' fees, equitable reinstatement, equitable back pay, equitable front pay, and any other relief that the court deems equitable and just.

13. Under the NJLAD, even a modest back pay or front pay award can satisfy the amount in controversy requirement. *See Sussman v. Capital One, N.A.*, 2014 WL 5437079, *4 (D.N.J. Oct. 24, 2014) ("The relevant time period for calculating an award of back pay begins with

the date of the alleged wrongful termination and ends at the time of trial. Similarly, when calculating the front pay award, the jury must consider the expected future damages caused by a defendant's wrongful conduct from the date of judgment to retirement."); *Curro v. HD Supply, Inc.*, 2020 WL 3496955, *4 (D.N.J. June 29, 2020) (amount in controversy met by plaintiff simply alleging she was seeking "front pay and back pay, as well as other compensation and benefits, emotional distress damages, attorneys' fees . . . and punitive damages").

14. Plaintiff's claim for punitive damages is another factor in calculating whether the amount in controversy exceeds $75,000. *Quinones-Velazquez v. Maroulis*, 677 F. App'x 801, 804 (3d Cir. 2017), as amended (Feb. 8, 2017) (*citing Packard v. Provident Nat. Bank*, 994 F.2d 1039, 1046 (3d Cir. 1993) (*citing Bell v. Preferred Life Assur. Soc'y*, 320 U.S. 238, 240 (1943)) ("When both actual and punitive damages are recoverable, punitive damages are properly considered in determining whether the jurisdictional amount has been satisfied.").

15. Finally, Plaintiff seeks attorneys' fees. Under the LAD, a successful plaintiff may also be entitled to recover reasonable attorneys' fees, which should be considered when calculating the potential amount in controversy. *Suber v. Chrysler Corp.*, 104 F.3d 578, 585 (3d Cir. 1997); *See Uddin v. Sears, Roebuck & Co.*, 2014 WL 316988, at *5 (D.N.J. Jan. 27, 2014) *Entrekin v. Fisher Scientific Inc.*, 146 F. Supp. 2d 594, 618 (D.N.J. 2001) (attorneys' fees are included in the amount in controversy calculations when they are available under a statute).

16. Although Defendant denies that it caused Plaintiff to suffer any damages, based on the allegations of the Complaint and the alleged damages Plaintiff seeks to recover from Defendant, the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

17. Based on the foregoing, this Court has diversity jurisdiction over this action because, on the date that the Complaint was filed, and as of the date this Notice is filed, there exists complete diversity of citizenship between Plaintiff and Defendant and the matter in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

**WHEREFORE**, Defendant Kinder Morgan, Inc. respectfully requests that the above action now pending in the Superior Court of New Jersey, Burlington County – Law Division, Civil Action BUR-L-001319-23, be removed to and filed with this Court.

**OGLETREE, DEAKINS, NASH SMOAK & STEWART, P.C.**
Attorneys for Defendant

*/s/ Jacqueline R. Barrett*
Jacqueline R. Barrett

Dated: August 11, 2023

## LOCAL CIVIL RULE 11.2 CERTIFICATION

I, Jacqueline R. Barrett, Esq., counsel for Defendant certify that the matter in controversy is not the subject of any other action pending in any court nor any pending arbitration, and that no other action or arbitration is contemplated.

**OGLETREE, DEAKINS, NASH, SMOAK & STEWART, P.C.**
*Attorneys for Defendant*

Date:  August 11, 2023          By:   */s/ Jacqueline R. Barrett*
                                       Jacqueline R. Barrett

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Defendant's Notice of Removal was filed with this Court, and served by electronic mail upon:

Kevin M. Costello
COSTELLO & MAINS, LLC
18000 Horizon Way, Suite 800
Mount Laurel, New Jersey 08054
kcostello@costellomains.com
Attorneys for Plaintiff

Date: August 11, 2023

By: */s/ Jacqueline R. Barrett*
Jacqueline R. Barrett